GARROD BLAKE
FULL NAME

COMMITTED NAME (if different)

PELICAN BAY STATE PRISON
FULL ADDRESS INCLUDING NAME OF INSTITUTION

P.O. BOX 7500 CRESCENT CITY, CA. 95532

H 19751
PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

MAR - 7 2022

CENTRAL DISTRICT OF CALIFORNIA
BY EEG                      DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GARROD BLAKE

PLAINTIFF,

v.

S. FOSTER, D. SAUCEDO, R. TOLSON,
P. LLAMAS, M. GAMBOA

DEFENDANT(S).

CASE NUMBER

2:22-CV-01558-DOC-MAA
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many?  NONE

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____ NONE _____

_____

Defendants _____ NONE _____

_____

b.  Court _____ NONE _____

c.  Docket or case number _____ NONE _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
appealed?  Is it still pending?) _____

f.  Issues raised: _____ NONE _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☒ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff ___ GARROD BLAKE ___
(print plaintiff's name)

who presently resides at Pelican Bay State Prison P.O. Box 7500 Crescent City, CA. 95532 .
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

S. Foster, D Saucedo, P. Lamas, R. Tolson, M. Gamboa: Corcran State Prison, CA.
(institution/city where violation occurred)

Aug. 26 2019      Oct. 7 2019

on (date or dates) Due Process violation   Due Process Violation , Due Process Violation .
(Claim I)                (Claim II)                    (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant    S. Foster
   (full name of first defendant)                                                   resides or works at

   N/A
   (full address of first defendant)

   Corrections officer
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   This Defendant made a false claim of Treating staff.

2. Defendant    D. Saucedo
   (full name of first defendant)                                                   resides or works at

   N/A
   (full address of first defendant)

   Lieutenant
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   This Defendant was The (SHO) And Violate My Due Process.

3. Defendant    R. Tolson
   (full name of first defendant)                                                   resides or works at

   N/A
   (full address of first defendant)

   Committee chairPerson
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:

   As ChairPerson This Defendant Allowed My Due Process To Be violated.

4.  Defendant  P.LAMAS _____ resides or works at
    (full name of first defendant)

    N/A _____
    (full address of first defendant)

    CAPTAIN _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

This PERSON Sign off on MY Due Process Violation
_____

5.  Defendant  M.GAMBOA _____ resides or works at
    (full name of first defendant)

    N/A _____
    (full address of first defendant)

    WARDEN _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:

This PERSON Sign off on My Due Process Violation
_____

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

Due Process 14th Amendment

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

On August 3, 2019 The Petitioner recieved A CDCR form 115 RVR Log No. 6885339 for Threatening Staff, while housed At Corcoran State Prison. On Aug. 26, 2019 Lt. D. Saucedo Attempted To have Petitioner's RVR hearing. An Attempt To have The reporting employee present AT The Time of The hearing was made with Negative results. Lt. D. Saucedo Informed Petitioner That he would call him back That day, with The reporting employee present, but failed To do so. On Sept. 4 2019 The Petitioner was Transferred On An ADVERSE TRANSFER Due To a disciplinary To Calipatia State Prison. On Oct. 7 2019 while housed AT Calipatia State Prison Another Attempt To have petition's

See Attach Page

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

Supporting facts
(A)

1   (RVR) hearis was made in the presence of facility's C.P.F
2   Vasquez, via telephone. But, due to a poor phone connection,
3   The hearing was again placed on hold. The Senior
4   hearing officer (SHO) Lt. D. Saucedo then made a request
5   to have Petitioner submit questions IN writing for the
6   two witnesses S. Foster and L. Buttercourt. Agreeing
7   to do so, the Petitioner submitted questions in writing. And
8   was never provided an opportunity to be present during
9   the adjudication process...
10  Finally, on Oct. 21, 2019 the Petitioner recieved the
11  disposition of the disciplinary hearing results, to
12  which, he was found guilty. based on the preponderance
13  of evidence, presented during the adjudication process,
14  held in Absentia.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

I The Petitioner Is looking for The courts To Inposso£ A $10,000 Dollar Amount for each Defendant. And To have This EVR Removed from my c-file, And To have $220 A month put back In my Prison Account for The lost of my PIA Job from August 2019 To March 2022. I would like To See The 602 complint process Taken out of CDCR Hands And put in The hands of A independent Auditor, so It can be A fair process.

3·3·22
*(Date)*

*Garrod Blk*

*(Signature of Plaintiff)*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDC

Side 1

2001270 ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖  H19751

IAB USE ONLY    Institution/Parole Region:    Log #:    Category:

CSP-CORCORAN   CAL - O - 19 - 1776   1
19-6942
*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations (CCR), Title 15, Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**    **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| BLAKE GARROD | H19751 | A-1 143 | |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** ON Aug. 3 I RECEIVED A 115 FOR THREATEN Staff. While At Corcoran State prison Lt.D.Saucedo called me out to Have my 115 Hearing, but my witness was not present, so

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):** This Hearing Result should Be VACATEd, Do To clear Due process Violation, and I'm not guilty!

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Disciplinary Hearing Result

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _Garrod Blake_    Date Submitted: 10.21.19

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

| Assigned to: | Title: | Date Assigned: | Date Due: |
|---|---|---|---|

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)    Title: _____   Signature: _____    Date completed: _____

Reviewer: _____ (Print Name)    Title: _____   Signature: _____

Date received by AC: _____

SCREENED OUT OCT 24 2019

AC Use Only
Date mailed/delivered to appellant _____ / _____ / _____

*(stamp) CSP-CORCORAN RECEIVED OCT 31 2019 INMATE APPEALS OFFICE*

Received CAL Appeals OCT 24 2019

STAFF USE ONLY

REC BY OOA

JAN 28 2020

BYPASS

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 200270 | CSP-CORCORAN | CAL - 0 - 19 - 1776 | I |
| | | 19-6942. | |
| | FOR STAFF ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| BLAKE, GARRELL | H18751 | A·1·143 | |

**A. Continuation of CDCR 602, Section A only (Explain your issue)** Lt. D Saucedo Stated
That he would come back To hear The 115. On Sept. 3
I was Transfer To calipatria. At This Time I still have
not had my 115 heard but on The final copy it states
That we did. But I was call To The cpt. F
Vasquez office To Have The Hearing, but Due
to poor connection The Hearing was passponed.
And on Oct. 21 I was Told That The hearing
was heard, and I was found guilty. I don't
see how I was found guilty when I was not
given The opportunity To Be There. That is A
clear violation of my Due process... I was
Never called To Be present, and was never
given The opportunity To Defend myself. This
Lt. D. Saucedo just found my guilty, knowing
he was The same Lt. That had me give
a statement against The c/o foster for
another Inmate. And now I'm found guilty
of a 115, That I did not get the chance To Be

Inmate/Parolee Signature: _Garrell Blake_     Date Submitted: 10·21·19

*(Stamps: CSP-CORCORAN RECEIVED OCT 31 2019 INMATE APPEALS OFFICE; Received CAL Appeals OCT 24 2019; STAFF USE O...; REC BY OOA JAN 28 2020)*

**B. Continuation of CDCR 602, Section B only (Action requested)**

Inmate/Parolee Signature: _____     Date Submitted: _____

SCREENED OUT OCT 24 2019

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)                                                                                                            Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_BYPASS_    _BYPASS_

Inmate/Parolee Signature: _____    Date Submitted : _____

**E. Second Level - Staff Use Only**                          Staff – Check One: Is CDCR 602-A Attached? ☒ Yes    ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☒ Rejected (See attached letter for instruction) Date: 10/24/19    Date: _____    Date: _____    Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review
Assigned to: ___ Lt 3C.___    Title: _____    Date Assigned: 11/13/19    Date Due: 12/27/19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 11/16/19    Interview Location: Calipetria State Prison (Telephone)

Your appeal issue is: ☐ Granted    ☒ Granted in Part    ☒ Denied    ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: C. Bunuelos    Title: LT.    Signature: _____    Date completed : 11/17/19
         (Print Name)

Reviewer: _____    Title: DW    Signature: _____
         (Print Name)

Date received by AC: 12/19/19.

|  | AC Use Only Date mailed/delivered to appellant 12/19/19 |

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I'M VERY DissAtisfied with the second level response, BECAUSE I did not get the opportunity to have a fair hearing. My due process rights was violate, And Do to the fact that in my 115 RVR states that I was given the chance to came to this hearing, And I elected not to participate, IS/

Inmate/Parolee Signature: _Darrel Clark_    Date Submitted: 1.3.20

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____    Date: _____    Date: _____    Date: _____    Date: _____
☐ Cancelled (See attached letter)    Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted    ☐ Granted in Part    ☐ Denied    ☒ Other: _____
See attached Third Level response.

|  | Third Level Use Only Date mailed/delivered to appellant  APR 3 0 2020 |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____    Inmate/Parolee Signature: _____    Date: _____

Print Staff Name: _____    Title: _____    Signature: _____    Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

---

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

Inmate/Parolee Signature: _____          Date Submitted: _____

---

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** False, And not True.
I was not only At Calipatria State prison, But I was
Also on A Medical CTO. And Therefore I was not given
The opportunity To Attend. GO Page 1 (DUE PROCESS Additional)
Information: States I Tryed To Have The Hearing, But
Do to poor connection I was Unable To Have It. I
Did submit my De actions, but I Did not get The
chance To Have The Hearing, But on page Two, It
State I Did not want To participate, And That false!
The SHO Held The hearing without me Anyway. And Thats
A clear violation of my Due process, And Because of
This Violation I Also fell This RVR should Be
VACATED!

Inmate/Parolee Signature: Garrod Blake          Date Submitted: 1·3·20

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: 2 |
|---|---|---|---|
| | ? | CAL A1 9 - 1 5 7 6 | |
| | | FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Blake, Garred | CDC Number: H19751 | Unit/Cell Number: A.2 108 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): I WAS Transfer To calip. From cor Corcoran State prison On 9.4.19, And I went to my classification on 9.17.19. upon sitting In the hearing I was Told Do to my adverse

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I request That I get my N/A status, And Not A2B. + HDL B job when I left Corcoran And The NVR, I have Not Been found Guilty.

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

~~80~~ Classification chrono

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: *Garred Blk* _____ Date Submitted: 9.20.19

☐ By placing my initials in this box, I waive my right to receive an interview.

*(Right margin, vertical text):* Received CAL Appeals SEP 24 2019
Received CAL Appeals OCT 02 2019
STAFF USE ONLY

---

**C. First Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached?    ☐ Yes    ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:    ☐ Granted    ☐ Granted in Part    ☐ Denied    ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
          (Print Name)

Reviewer: _____ Title: _____ Signature: _____
        (Print Name)

Date received by AC: _____

SCREENED OUT SEP 2 5 2019

*(watermark):* CAL SPECIAL BYPASS

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant ___ / ___ / ___ | |

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CAL A1 9-1 5 7 8 | | 2 |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| BLAKE, GARROD | H19751 | A-2 108 | |

A. Continuation of CDCR 602, Section A only (Explain your issue) : Transfer And my 115
RVR pending I wold Be A2B not A1A.
A 115 RVR That I have not Been found guilty
on a ADVERSE Transfer Dose not TAKE AWAY
A1A STATUS. And The 115 RVR IS not a
SHU-Able. Therefor I should BE
A1A UNSigued NOT A2B.

Inmate/Parolee Signature: _Garrod Blak_     Date Submitted: 9.20.19

Received CAL Appeals SEP 24 2019   STAFF
Received CAL Appeals  OODAS19-Y

B. Continuation of CDCR 602, Section B only (Action requested):

SCREENED OUT SEP 25 2019

Inmate/Parolee Signature: _____    Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CAL A 1 9 - 1 5 7 6** Side 2

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CAL A1 9 - 1 5 7 6          Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted : _____

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: 9/25/19  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: R, Arias          Title: AW/A/B    Date Assigned: 10/2/19    Date Due: 11/14/19

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 10/18/19    Interview Location: FACILITY A1 HOUSING UNIT

Your appeal issue is: ☐ Granted    ☐ Granted in Part    ☑ Denied    ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: K. McCullough    Title: CCII    Signature: [signature]    Date completed: 10/24/19
(Print Name)

Reviewer: J. KELLERMAN    Title: CDW(A)    Signature: [signature]
(Print Name)

Date received by AC: NOV 1 2 2019

| AC Use Only |
| Date mailed/delivered to appellant NOV 1 2, 2019 |

**F. If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted: _____

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)   Date: _____
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
See attached Third Level response.

| Third Level Use Only |
| Date mailed/delivered to appellant ____ / ____ / ____ |

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

Inmate/Parolee Signature: _____          Date: _____

Print Staff Name: _____  Title: _____  Signature: _____  Date: _____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
P.O. Box 942883
Sacramento, CA 94283-0001



OFFICE OF APPEALS
THIRD LEVEL DECISION

April 30, 2020

Blake, Garrod, H19751
**PBSP**

Dear Mr./Ms. Blake,

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals (OOA) received your CDCR Inmate 602 Appeal log number COR-19-06942, CAL-19-01776, TLR number 2001270 for the purposes of providing a Third Level Response.

Due to time constraints, OOA will not be issuing a Third Level Response to your inmate appeal. The Second Level Response to your appeal, previously issued to you, serves as the Department's decision.

This response by the Office of Appeals will be the only response and is not appealable to CDCR.

This action by OOA does not excuse you from exhausting any other administrative remedies that may be required or available to you in relation to your particular claim, including, but not limited to, the Department of General Services Government Claims Program, the Department of Fair Employment and Housing, and the Equal Employment Opportunity Commission.

Office of Appeals
California Department of Corrections & Rehabilitation

cc:    Appeals Coordinator

*Exhibit a*

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION

GAVIN NEWSOM, GOVERNOR



**DIVISION OF ADULT INSTITUTIONS**

**CALIFORNIA STATE PRISON - CORCORAN**
P.O. Box 8800
Corcoran, CA 93212

DATE: November 17, 2019

Inmate Blake, H19751
Re:    SECOND LEVEL APPEAL RESPONSE
       Log # CSPC-8-19-06942
       Issue: DISCIPLINARY

**DECISION: Denied**

**APPEAL ISSUE**: You are submitting this appeal relative to California Department of Corrections and Rehabilitation (CDCR) Form 115, Rules Violation Report (RVR), Log# 6885339 dated August 3, 2019, for "Threatening Staff". You contend your due process rights were violated in that the Senior Hearing Officer (SHO) conducted the disciplinary hearing telephonically and denied you the opportunity to attend the hearing.

You contend RVR Log #6885339 should be dismissed in the interest of justice, noting a due process rights violation.

**EFFECTIVE COMMUNICATION:** A review of the Test of Adult Basic Education list indicates you have a Reading Grade Point Level above 4.0 (8.8). A review of the Disability and Effective Communication System shows you do not have a documented disability which requires special accommodation to achieve effective communication.

**INTERVIEW:** On November 16, 2019, Lieutenant (Lt.) C. Banuelos conducted a telephonic interview with you at the Second Level of Review (SLR) regarding your appeal. During the interview, you were afforded the opportunity to further explain your appeal and provide any additional supporting evidence and information. You re-stated the contents of your appeal and had nothing to add.

**APPEAL RESPONSE**: In reaching a decision on this appeal, the CDCR-602 and its attachments, applicable sections of the California Code of Regulations (CCR) Title 15, the Department Operations Manual (DOM), were all reviewed and considered.

The rules governing this issue are:

**CCR, Title 15, Section §30005 (d)(1) Force or Violence** which states "Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person".

You received the above noted RVR which was classified as a Division E offense. The discovery date of the RVR was August 3, 2019. You received your copy on August 7, 2019, within 15 days of the date of discovery. You appeared before the SHO for your disciplinary hearing on August 26, 2019. You received or were shown all documents to be considered as evidence at least 24 hours prior to your hearing. The SHO noted at the time of the hearing you were a participant of the Mental Health Services Delivery System (MHSDS) at the CCCMS level of care.

The SHO noted you do not meet the criteria for assignment of a Staff Assistant per CCR, Title 15, Section 3315 (d) (2). The SHO documented you do meet the criteria for assignment of an Investigative Employee per CCR,

Second Level Response
Blake, CDCR H19751
CSPC-8-19-06942
Page 2

Title 15, Section 3315(d) (1). There was no videotape recording of this incident. Confidential information was not used in the adjudication of this RVR. The SHO documented you read the charges and acknowledged you understood the charge filed against you. You entered a plea of "not guilty" and made a the following statement; "I wasn't threatening the man, I had a conversation with him. I was just telling him the inmate I was, then compared to the inmate I am today", as outlined within the RVR. The SHO found you guilty of "Threatening Staff", a Division E offense based upon the preponderance of evidence. The preponderance of evidence consisted of the reporting employee's written report authored by Correctional Officer S. Foster which notes the following; "On August 3, 2019 at approximately 0711 while conducting my duties as PIA Milk Processing Officer of monitoring a trailer being loaded Inmate Blake told me "You know what Foster, when I was younger had I met you then, I would have fucked you up. You would have never seen it coming. I got priors; I fucked up a Correctional Officer at SATF. Go check my record he said 'All I remembered was waking up.' Look back here there is plenty of stuff. You would never see it coming." Inmate Blake also mentioned the fact that there is only one officer stationed in the Milk Processing Plant, on weekends there is no other staff to respond other than the yard staff, and that there was no gun coverage. On October 8, 2019, the Chief Disciplinary Officer confirmed the finding of guilt and the disposition of the RVR.

You contend the RVR should be dismissed noting a due process violation in that you were not allowed to attend the disciplinary hearing to provide an adequate defense for yourself. Due to you being transferred to another institution, your RVR hearing was held via telephone. No due process violations occurred. Therefore, your contentions are without merit. Your appeal is **Denied** at the SLR.

The appellant is advised that this issue may be submitted for a Third Level of Review if dissatisfied with the Second Level response.

M. GAMBOA
Chief Deputy Warden
California State Prison – Corcoran

cc: Central File
Appeal File

Received CAL Appeals OCT 24 2019



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# DISCIPLINARY HEARING RESULTS

| Institution Name: California State Prison, Corcoran | Facility: COR-Facility 03C | Log Number: 000000006885339 |
|---|---|---|
| Inmate Name: BLAKE, GARROD | CDC #: H19751 | Bed Number: COR-03C - 03C001 2 - 250001L |
| TABE Score: 08.8 | MH LOC: GP | DDP Status: NCF |

## DUE PROCESS

| | |
|---|---|
| Rule Violation #: 3005(d)(1) | Specific Act: Threatening Staff |
| Level: Serious | Offense Division: Division E |
| Offense Occurrence: 1st Occurrence | |
| Violation Date: 08/03/2019 | Violation Time: 07:11:00 |
| Hearing Date: 08/26/2019 | Hearing Time: 11:12:53 |

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| Date | Time | Type/Reason | Staff | Elapsed Days |
| 08/03/2019 | 08:26:58 | RVR Entered (in Draft form) | S. Foster | 0 |
| 08/03/2019 | 09:43:33 | RVR Ready for Review by Supv. | S. Foster | 0 |
| 08/04/2019 | 08:39:22 | RVR Approved by Supervisor | R. Roque | 1 |
| 08/06/2019 | 08:29:41 | RVR Classified | P. Llamas | 3 |
| 08/06/2019 | 10:42:13 | Notice of Pending Charges Sent to Rcds. | A. Sandoval | 3 |
| 08/07/2019 | 06:34:00 | Inmate Copy Served Initial Rules Violation Report | A. Sandoval | 4 |
| 08/07/2019 | 06:34:19 | IE Assigned | A. Sandoval | 4 |
| 08/13/2019 | 12:20:18 | Inmate Copy Served Investigative Report | A. Sandoval | 10 |

All Time Constraints Met?: Yes                    SHO/HO DDP Certified?: N/A

### Due Process Additional Information:

An attempt to have the Reporting Employee present at the time of the hearing was made by telephone due to (S) currently being housed at another institution. However during this attempt the phone connection was poor, and (S) agreed to submit his questions to the Reporting Employee and Staff Witness in writing allowing

SCREENED OUT OCT 24 2019

Received CAL Appeals OCT 24 2019

Calipatria State Prison staff to forward these questions to the SHO for the hearing.

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.

● Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive
☐ Other ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? No                    Current DDP Status Date: 09/23/2003

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
| | | | |

| Victimization | Contribute | How | |
|---|---|---|---|
| | | | |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

SCREENED OUT OCT 24 2019

Received CAL Appeals OCT 2 4 2019

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|----------------------------------|----------|--|
|         |               |            |                                  |          |  |

**Staff Assistant Additional Information:**

DNMC

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Housing Status

**Investigative Employee Additional Information:**

The Investigative Employee's report was reviewed and did not provide any information of evidentiary value.

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|------------------------------|--------------------------------|-------------------------------|--------------------|---------------------|----------------------------------------------|--|
|                              |                                |                               |                    |                     | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

SCREENED OUT OCT 2 4 2019

Received CAL Appeals OCT 24 2019

EXHIBIT 1

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true.<br>☐ Other confidential sources have independently provided the same information.<br>☐ The information provided by the confidential source is self-incriminating.<br>☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources.<br>☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☑ Reporting Employee          ☐ Staff Assistant          ☐ Investigative Employee

☐ Other          ☐ Inmate          ☐ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| **Name** | **Rank** | **Type** | **Granted?** | |
| S. Foster | Correctional Officer | Reporting Employee | Yes | |

**Questions Asked**

Q1. When did you feel the talk we had was a threat?

A1. I felt threatened when I/M Blake stated he would fuck me up.

Q2. If you felt the talk we had was a threat to you, why did you let me stay and finish my work for 2 hours?

A2. I allowed I/M Blake to remain in order to have his morning meal. Chow was already served on the yard and I/M Blake has a right to 3 meals per day (3050. Regular Meals (2) Inmates shall be provided three meals each day, two of which shall be served hot. Variations to the two hot meals per day requirement may be allowed to accommodate religious observances, Religious meal programs, and institution emergencies. The breakfast Meal shall be served not more than 14 hours following the previous day's evening meal). If I had not ensured that you had eaten then it would have been a clear violation of the Title 15 and would fall under cruel and unusual punishment making it a civil rights violation under Article 8 of the United States Constitution. In addition, I was awaiting yard staff to be available to come and remove I/M Blake from Milk Processing.

SCREENED OUT OCT 24 2019

Received CAL Appeals OCT 2 4 2019

Exhibit 2

(S) asked three additional questions which the SHO deemed irrelevant as they were determined to be repetitive and not relevant to the charges against (S).

| L. Bettencourt | Non-Custody | Staff Witness | Yes | |
|---|---|---|---|---|

**Questions Asked**

Q1. What time did C/O Foster let you know that Inmate (Blake) threaten him?

A1. I do not recall, but I did see a Log Book entry where Officer Foster entered the facts of the threat which the time entered reflects 0711 hours.

Q2. When C/O Foster turned in the loading plan, did he inform you at that time Inmate (Blake) had just threaten him, and was sending him back?

A2. I do not recall.

Q3. Did Inmate Blake come into your office and let you know that C/O Foster was sending him back for threaten him (C/O Foster)?

A3. I do not recall.

Q4. At any time while working in PIA Milk, has Inmate Blake showed any kind of threaten behavior?

A4. No.

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | Bed | Granted? | |

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Not Guilty entered on behalf of inmate by Hearing Official

◯ Subject declined to make a statement

◉ Subject made a statement

**Comments:**

"I wasn't threatening the man I had a conversation with him. I was just telling him the inmate I was then compared to the inmate I am today."

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:

**Comments:**

Failure to comply with the CCR, Title 15, CCR#3005(d)(1), coupled with the documented evidence presented at the hearing, substantiates the finding of Guilty for the charged Specific Act of "Threatening Staff." This finding was based upon the preponderance of evidence presented at the hearing consisting of: The reporting employee

SCREENED OUT OCT 2 4 2019

Received CAL Appeals OCT 2 4 2019

EXhibit 1

written report in which the author clearly reported the made by (S) and logged the threat on the PIA Milk
Processing Log Book. Coupled with the testimony of the Staff Witness and Reporting Employee.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be
documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

**Comments:**

1. The Reporting Employee's written Report, which states in part: "On August 3, 2019 at approximately 0711
while conducting my duties as PIA Milk Processing Officer of monitoring a trailer being loaded Inmate Blake told
me "You know what Foster, when I was younger had I met you then, I would have fucked you up."

2. The testimony of the Reporting Employee, Officer S. Foster at the time of the hearing in which he answered
the question of "When did you feel the talk we had was a threat?" with his answer of
"I felt threatened when I/M Blake stated he would fuck me up."

3. The testimony of the Staff Witness at the time of the hearing in which he informed the SHO he had viewed the
PIA Milk Processing Log Book where Officer Foster entered the facts of the threat which the time entered reflects
0711 hours of the day of the incident in the log book.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 31 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 60 Days | No | ☐ | ☐ | ☐ | ☐ | 08/26/2019 | 10/25/2019 |

SCREENED OUT OCT 2 4 2019

Received CAL Appeals OCT 2 4 2019

EXHIBIT (C

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 08/26/2019 | 11/24/2019 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 08/26/2019 | 11/24/2019 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

___

**Comments:**

___

Referred to Classification Committee [ICC]

For ☑ SHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

The SHO elects to refer (S) to ICC for a SHU Term Assessment.

SCREENED OUT OCT 2 4 2019

Received CAL Appeals OCT 24 2019

## ENEMY CONCERNS

◉ Not Applicable
○ Subject states he/she does not have Enemy or Safety Concerns.
○ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
○ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

| Hearing Official | | |
| --- | --- | --- |
| D. Saucedo | | |
| | TITLE:<br>Lieutenant | DATE:<br>10/07/2019 |

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                          Offense Division:

Offense Occurrence:                    CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | | |

SCREENED OUT OCT 24 2019

Received CAL Appeals OCT 2 4 2019

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 31 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 60 Days | No | ☐ | ☐ | ☐ | ☐ | 08/26/2019 | 10/25/2019 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 08/26/2019 | 11/24/2019 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | 90 Days | No | ☐ | ☐ | ☐ | ☐ | 08/26/2019 | 11/24/2019 |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory | | | | | | | | |

SCREENED OUT OCT 2 4 2019

CDCR SOMS ISST126 - CDC NUMBER: H19751 NAME: BLAKE, GARROD

Received CAL Appeals OCT 2 4 2019

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

R. Tolson

TITLE: CDO    DATE: 10/08/2019

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

Received CAL Appeals OCT 24 2019



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation



ILB:14E4223F-8519-4316-BA48-F22CC8BB3B63

# RULES VIOLATION REPORT

| CDC NUMBER H19751 | INMATE'S NAME BLAKE, GARROD | MEPD 01/25/9999 | FACILITY COR-Facility 03C | HOUSING LOCATION COR-03C - 03C001 2 - 250001L |
|---|---|---|---|---|

| VIOLATION DATE 08/03/2019 | VIOLATION TIME 07:11:00 | VIOLATION LOCATION COR-Facility 03C - RVR - ASSIGNMENT AREA | | WITH STG NEXUS No |
|---|---|---|---|---|

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On August 3, 2019 at approximately 0711 while conducting my duties as PIA Milk Processing Officer of monitoring a trailer being loaded Inmate Blake told me "You know what Foster, when I was younger had I met you then, I would have fucked you up. You would have never seen it coming. I got priors. I fucked up a C/O at SATF. Go check my record. He said 'All i remembered was waking up.' Look back here there's plenty of stuff. You would never seen it coming." Inmate Blake also mentioned the fact that there is only 1 Officer stationed in the Milk Processing Plant, on weekends there is no other staff to respond other than the yard staff, and that there was no gun coverage. Inmate Blakes comments lead me to believe that he had already planned out how he would attack myself or another staff member in the Milk Processing Plant.

| REPORTING EMPLOYEE S. Foster | TITLE Correctional Officer | ASSIGNMENT | RDO | DATE: 08/03/2019 |
|---|---|---|---|---|

| RVR LOG NUMBER: 000000006885339 | VIOLATED RULE NUMBER: 3005(d)(1) |
|---|---|
| SPECIFIC ACT: Threatening Staff | |

CLASSIFICATION

| LEVEL: Serious | OFFENSE DIVISION: Division E |
|---|---|
| REFERRED TO: Senior Hearing Officer | FELONY PROSECUTION LIKELY: No |

| REVIEWING SUPERVISOR R. Roque | TITLE Sergeant | DATE 08/04/2019 |
|---|---|---|

| CLASSIFIED BY | TITLE | DATE |
|---|---|---|

SCREENED OUT OCT 24 2019

Received CAL Appeals OCT 2 4 2019

| P. Llamas | Captain | 08/06/2019 |

CDCR SOMS ISST120 - RULES VIOLATION REPORT

SCREENED OUT OCT 2 4 2019

Received CAL Appeals OCT 2 4 2019    EXHIBIT 16

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER H19751 | INMATE'S NAME BLAKE, GARROD | MEPD 01/25/9999 | FACILITY COR-Facility 03C | HOUSING LOCATION COR-03C - 03C001 2 - 250001L |
|---|---|---|---|---|
| VIOLATION DATE 08/03/2019 | VIOLATION TIME 07:11:00 | VIOLATION LOCATION COR-Facility 03C - RVR - ASSIGNMENT AREA | | |

| INMATE NOTIFICATION | | | |
|---|---|---|---|
| POSTPONEMENT OF DISCIPLINARY HEARING | | | |
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE | | DATE |
| STAFF ASSISTANT | | | |
| ☐ REQUESTED    ☒ WAIVED BY INMATE | INMATE SIGNATURE | | DATE |
| INVESTIGATIVE EMPLOYEE | | | |
| ☐ REQUESTED    ☐ WAIVED BY INMATE | INMATE SIGNATURE | | DATE |

SCREENED OUT OCT 2 4 2019

Received CAL Appeals OCT 2 4 2019

EXHIBIT 1?

## SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
### See California Code of Regulations, Title 15 (CCR) for details

**A.   TIME CONSTRAINTS -**
1.   A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.
2.   The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.
3.   REFERRAL FOR PROSECUTION **- (Serious Rules Violations Only)** - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)
4.   Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

**B.   INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -**
1.   General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.
2.   Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)
3.   Investigative Employee - **(Serious Rules Violations Only)** - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)
4.   Witnesses - **(Serious Rules Violations Only)** - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)
5.   Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

**C.   DISPOSITION** - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

**D.   APPEAL** - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)

SCREENED OUT OCT 2 4 2019

**INVESTIGATIVE EMPLOYEE STATEMENT:**  On Friday, August 9, 2019, I, Correctional Officer, A. SANDOVAL was assigned as the Investigative Employee for inmate **BLAKE H19751**, for **RVR Log No. 6885339** C.C.R. 15 § **3005(d)(1)-[66] "THREATENING STAFF."** I informed the Subject I am designated to gather information for the Senior Hearing Officer (SHO) or disciplinary hearing committee as described in C.C.R. 15 § 3315 (d)(1)(A). I informed the Subject I would interview him, gather information, and question all staff and inmates who may have relevant information. I will screen prospective witnesses and submit a written report to the Senior Hearing Officer to include witness statements and a summary of the information collected specific to the charged offense. I will provide the subject with the report no less than twenty four (24) hours before the disciplinary hearing is held. I also informed the Subject, I am not subject to confidentiality, and I am a representative of the official who will conduct the hearing rather than his representative. The Subject had no objections to my assignment.

**SUBJECT'S STATEMENT:**  The subject did not have a statement. However, he requested for any possible video surveillance of August 3, 2019 between the hours of 0700-0900 hours.

**SUBJECT WITNESSES:**  The subject did request for witnesses to be present at his hearing and to be interviewed for questioning in regards to this Rules Violation Report (RVR).

  1.) C/O S. Foster

  2.) PIA Supervisor L. Larry


The subject did not have Investigative Employee questions for specific persons.



**INVESTIGATIVE EMPLOYEE COMMENT:**  I was assigned as the Investigative Employee for this RVR and, as such, I interviewed the subject and informed him of his right to request witnesses, both staff and inmates, to be at the hearing and of his right to provide questions for the witnesses. The subject did not wish to provide questions. Inmate **BLAKE** has requested to question his witnesses during his RVR hearing. There were no other witnesses to be interviewed and I concluded my investigative duties.

**WITNESSES/EVIDENCE REQUESTED AT THE HEARING:**

| | |
|---|---|
| • Investigative Employee | NO |
| • Reporting Employee | YES |
| • Staff Witness | YES |
| • Inmate Witness | NO |
| • Evidence/Information | NO |


**EFFECTIVE COMMUNICATION**:   Effective Communication was achieved with the Subject. The Subject **is NOT** a participant in the departments' MHSDS. The Subject has a TABE Score **(8.8)**. After a review of the Subject's Disability Effective Communication System's (DECS) data, it was noted that the Subject **has NO** disabilities that require a Staff Assistant for Effective Communication. The primary method of communication was used and the Subject appeared to understand the charge and disciplinary process by asking appropriate questions about the information provided and by providing appropriate responses to questions asked.

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date : **NOV 1 2 2019**

To :     Inmate Blake
         H19751 / A1-143L
         Calipatria State Prison

Subject : **SECOND LEVEL APPEAL RESPONSE LOG #CAL-A-19-01576**

ISSUE: Custody / Classification

It is your position that you appeared before Facility A Unit Classification Committee (UCC) for an Initial Review on September 17, 2019, and you were inappropriately established at Work Group/Privilege Group (WG/PG) A2/B. It is your position that your transfer was non-adverse in nature as you had not been found guilty of any Rules Violation Reports (RVR), and your WG/PG should have been established at A1/A.

You request for your WG/PG to be re-established at A1/A.

INTERVIEWED BY:

In accordance with California Code of Regulations (CCR), Title 15, Section 3084.7(e), you were interviewed by Correctional Counselor II (CCII) K. McCullough on October 18, 2019. During the interview, you reiterated what was on your appeal.

EFFECTIVE COMMUNICATION:

The Strategic Offender Management System (SOMS) was reviewed prior to conducting the interview which indicates you have a TABE Reading Score of 8.8. You are a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System level of care. You are not a participant in the Disability Placement Program or the Developmental Disability Program. Effective Communication was established by clarifying and repeating the information. You demonstrated your understanding of the appeal process by appropriately engaging in discussion and asking relevant questions. In accordance with California Code of Regulations (CCR), Title 15, Section 3315(d)(2), a Staff Assistant was not assigned.

REGULATIONS: The rules governing this issue CCR, Title 15, Section:

- 3043.8. Impact of Transfer on Credit Earning

Second Level Response
CAL-A-19-01576
Inmate Blake, H19751
Page 2

DISCUSSION:

On August 15, 2019, your case was reviewed by California State Prison, Corcoran (COR) Institutional Classification Committee (ICC) for the purpose of an Initial Administrative Segregation Unit (ASU) Review. COR ICC notes that you were issued an RVR for the specific act of Threatening Staff dated August 3, 2019 (RVR Log #6885339). A Staff Separation Alert with an effective date of August 7, 2019, was placed requiring a transfer to an alternate institution. COR ICC recommended an adverse transfer to LAC-IV 270 GP with an alternate of CAL-IV 270 GP. COR ICC also recommended that your WG/PG be established at A2/B upon transfer.  .

On September 17, 2019, your case was reviewed by Calipatria State Prison (CAL-IV 270 GP) Facility A Unit Classification Committee (UCC) for the purpose of an Initial Review. UCC noted that your transfer from COR-IV 270 GP was adverse in nature due to your ASU placement on August 6, 2019, for being charged with Threatening Staff. On August 26, 2019, you appeared before the Senior Hearing Officer (SHO) while housed at COR-ASU and you were found guilty of RVR Log #6885339 for Threatening Staff, thus requiring an adverse transfer, which also resulted in you being unassigned from your program at CSP-COR from the Prison Industry Authority, Dairy (Position #PDY.401.004) on August 7, 2019. CAL UCC of September 17, 2019, elected to establish your WG/PG A2/B effective September 4, 2019, due to your transfer being adverse in nature.

CCR Title 15, Section 3043.8 - Impact of Transfer Credit Earning states in part that: *(c)(1) adverse transfers are defined as a transfer resulting from any in-custody documented misbehavior or disciplinary that may or may not have resulted in an inmate's removal from current program.*

DECISION:

Based on the information above, your appeal is denied at the Second Level of Review in that your WG/PG was appropriately established by CAL UCC of September 17, 2019, at A2/B in accordance with CCR, Title 15, Section 3043.8 – Impact of Transfer on Credit Earning.

The appellant is advised that this issue may be submitted for a Third Level of Review if desired.

J. KELLERMAN
Chief Deputy Warden (A)
Calipatria State Prison

Received CAL Appeals OCT 0 2 2019



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| Inmate Name: | BLAKE, GARROD | Date: | 09/13/2019 |
|---|---|---|---|
| CDC#: | H19751 | Date of Birth: | 05/05/1972 |
| Control Date: | LWOP | Control Date Type: | Minimum Eligible Parole Date |

| Hearing Date: | 09/17/2019 | Hearing Type: | Initial UCC |
|---|---|---|---|
| Committee Type: | Initial Unit Classification Committee | Correctional Counselor: | M. McShan |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

## COMMITTEE ACTION SUMMARY

INITIAL REVIEW:  RELEASE TO FAC "A" GP. ESTABLISH MED-A CUSTODY, AND WG/PG A2B EFFECTIVE 9/4/19. PLACE ON THE SUPPORT SERVICES, WAITING LISTS. PS REMAINS AT 71. IHP CODE OF RE REMAINS APPROPRIATE.  CLEAR FOR YARD, AND TEMPORARY SINGLE CELL APPROVED.  NO MHSDS, DDP, DPP, OR MDO ISSUES NOTED.

## COMMITTEE COMMENTS

Inmate made a personal appearance before Facility "A", UCC for the purpose of an Initial Review.  Committee notes Blake was introduced to the Committee members, informed of the purpose of this hearing, and encouraged to participate. Inmate's Reading GPL is 8.8. Inmate  has no disabilities requiring establishment of effective communication. Also he answered questions and engaged in a discussion about the topic thus indicating understanding.

Per SOMS Mental Health Assessment dated 3/22/17 inmate is NOT a participant in the MHSDS.   Inmate does not meet the initial MDO criteria. Per SOMS Developmental Disabled Program Assessment dated 9/12/19 notes DDP as NCF. Inmate SOMS Health Assessment dated 9/12/19 inmate has a TB code of 22.

Committee notes Inmate Blake was originally placed in ASU on 8/6/19 due to Theatening Staff and was subsequently transferred to Calipatria State Prison.

Inmate Blake is a 47-year-old (DOB 5/5/72), Black, 1st termer, committed from Los Angeles County for the offense of Murder 1st, Robbery 2nd, Burglary 2nd for a total term of LWOP.  Initial restitution fee of 0 is noted. Inmate was received in CDC on 1/8/92 and transferred to CAL on 9/4/19 from COR as an adverse transfer.
Inmate has no history of ESCAPES/ARSON/COMPUTER CRIMES or SEX related offenses noted.

Prior arrest history consists of: RSP, False ID to PO, Fight/Challenge public place, Murder.

Disciplinary history consists of: Threatening staff, DO a DO, Assault on PO, Absent from work, Positive test, Disrespect, Stand for count, Delaying a PO, Destroy State property, Mutual combat, Refuse double cell, Assault on I/M, Battery on I/M, Participate in Melee, Smoking in state facility, Delaying Lockup, Out of bounds, Possess Marijuana, Possess Inmate Manufactured Alcohol, Battery on PO resulting in serious injury.

A review of the Integrated Housing Program (IHP) indicates an Integrated Housing Code (IHC) of RE--Racially eligible remains appropriate.  UCC reviewed and verified that Inmate is eligible for RE--Racially eligible based on no precluding individual case factors of racially motivated acts of violence, and his instant offense is not racially motivated or a hate crime.  Inmate is aware that he could be housed with any ethnic group.

Inmate Blake was asked if there was any new, relevant information related to PREA which has come to light since his intake interview Inmate Blake replied "no".

Per SOMS Medical Classification Chrono dated 3/22/17, Inmate is medically classified as  OP, No Particular Needs / Infrequent Basic Consultation, Vigorous Activity / Full Duty, Low Risk, and Uncomplicated / Basic Nursing, and Restricted-Cocci Area 2. Committee notes there are not work restrictions noted in file.

Inmate is a member of the "Compton Crip" STG-II (Street Gang) per 128B dated 2/5/92. No STG- I (Prison Gang) is noted. Moniker of "G" is noted.

Inmate's non-confidential offender separation alerts are noted in SOMS, and Inmate confidential offender separation alerts are noted in SOMS. His confidential file is noted in ERMS.
There are no holds/detainers noted.  Inmate is not a FBN.   PC 2930 and 2933 have been explained.  Inmate meets 270-design criteria.  Inmate is not eligible for MSF, MCCF, CCF, or Camp due to LIF/VIO.

SCREENED OUT SEP 2 5 2019

Received CAL Appeals SEP 23 2019
Received CAL Appeals OCT 02 2019

CAL A19-1578

Inmate's case was reviewed for Temporary single cell housing.  No pervasive pattern of in-cell misconduct is noted howver Inmate will be referred to mental health for evaluation of single cell status.  Inmate has stated he cannot be double celled due to politics.

A Case-by-Case "VIO" Review is not required as the inmate's instant offense of Murder 1st is an Automatic Exclusion from MSF.

His next Annual Review is scheduled for 2/1/20.

| RECORDER | | |
|---|---|---|
| M. McShan | | 09/17/2019 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| F. Vasquez | | 09/17/2019 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

SCREENED OUT SEP 25 2019



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | BLAKE, GARROD | **Date:** | 08/15/2019 |
| **CDC#:** | H19751 | **Date of Birth:** | 05/05/1972 |
| **Control Date:** | LWOP | **Control Date Type:** | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 08/15/2019 | **Hearing Type:** | Initial ASU |
| **Committee Type:** | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | G. Sanchez-Madrigal |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

CLINICIAN REVIEW: S is not a participant in the MHSDS program. S's Activities of Daily Living (ADL) are adequate. S's interactions with staff appear to be appropriate. S's placement in alternative levels of care in the Mental Health Services Delivery System was considered and is not recommended. Per S's assigned clinician, S's mental health is unlikely to decompensate while retained in ASU.

### COMMITTEE ACTION SUMMARY

INITIAL ASU REVIEW: RET COR ASU PX CSR RX FOR TX.   REF TO CSR RX TX TO LAC IV 270-GP (FAC. B ONLY NOTING ENEMY ON FAC A) W/ALT CAL IV 270-GP.  EST MAXS CUST & WG/PG D1D EFF. 08/06/19 - 10/30/19; D1B EFF. 10/31/19; EST. S/C; W/A YARD, PSYCH: GP. TABE: 8.8. DDP: NCF, DPP: N/A. UPON TX EST MEDA CUST & WG/PG A2B. NDS INELIGIBLE. 1 ON 1 ESCORT.

### COMMITTEE COMMENTS

Inmate BLAKE, G. CDCR# H19751; hereafter, will be referred to as Subject (S). S's Confidential file, Reclassification Score Sheet (CDCR 840), Emergency Notification Form (CDCR 127), Non-Confidential Offender Separation Alerts (CDCR 812) & Confidential Offender Separation Alerts (CDCR 812C) have been reviewed.

CDC 114D REVIEW: S's CDCR 114D dated 08/06/19 is current and accurately documents the reason(s) for ASU placement. A review of the CDCR 114D indicates the document was issued in sufficient detail and S was afforded all the due process requirements. The Administrative Review was completed and S was Not seen within 10 days of ASU placement for his Initial ASU Review due to administrative error.

COMMITTEE NOTES:  S was initially placed into COR-ASU on 08/06/19, from COR Facility 3C, for "Threatening Staff." Specifically, on August 3, 2019, S made statements to Officer S. Foster that was threatening in nature. Per RVR dated 08/03/19 LOG# 6885339 while Officer S. Foster was conducting his duties as PIA Milk Processing Officer of monitoring a trailer being loaded S told Foster "You know what Foster, when I was younger had I met you then, I would have fucked you up. 'You would have never seen it coming. I got priors. I fucked up a C/O at SATF. Go check my record. 'All I remembered was waking up.' Look back here there's plenty of stuff.  You would never seen it coming." S also mentioned the fact that there is only 1 Officer stationed in the Milk Processing Plant, on weekends there is no other staff to respond other than the yard staff, and that there was no gun coverage.  Upon further review; ICC believes the RVR does not warrant a SHU term as there is no specific intent to carry out the threat.  During case conference S expressed his desire to postpone adjudication of the RVR pending DA proceedings. Based on the nature of the offense S's case was referred to the KINGS County DA's office for possible felony prosecution. ICC notes a Staff Separation Alert has been placed with an effective date of 08/07/19. After a review of S's case factors, ICC has determined S continues to present an immediate threat to the safety and security of the institution as well as self and others.   S's case factors have been reviewed.

After a review of S's case factors ICC has elected to retain S COR ASU pending CSR review for transfer. Refer to CSR requesting transfer LAC IV 270-GP (Facility B only noting enemy on Facility A) w/alternate of CAL IV 270-G. Establish MAXS CUST & WG/PG D1D EFF. 08/06/19- 10/30/19; D1B EFF. 10/31/19; EST. S/C; W/A YARD. Upon transfer S is eligible for MEDA custody and WG/PG A2B.

180/270 REVIEW:  No exclusions noted

NDS PRIVILEGES: Non-Disciplinary Segregation is defined as any inmate who is placed in administrative segregation for: safety concerns not resulting from misconduct warranting a Rules Violation Report, investigation not related to misconduct or criminal activity, or being a relative or associate of a prison staff member who works at the institution where the inmate is currently housed. Based on pending RVR dated 08/06/19; NDS privileges are denied.

PX RVRS:  RVR dated 08/06/19 LOG# 6885339 for Threatening Staff; CSP Corcoran remains responsible for the adjudication process.

STG: Compton Crip; refer to CDCR 128B dated 02/05/92.

BPH: None noted.

PREA: During pre-committee interview S was queried relevant to any new information related to PREA since his last intake interview. S stated he had no

new information to add.

CELL REVIEW:  PER UCC 1/17/19- CELL REVIEW: S's Integrated Housing Code (IHC) is RE and remains appropriate.  Committee notes, per inmate appeal CSPCOR171831, dated 4/28/17 in ERMS, S's appeal was partially granted in that:  S will be placed on S/C status, pending MH evaluation of cell status.  Therefore, committee elects to place S on temporary SINGLE CELL, pending referral to MH for evaluation.  S does not have a history of in-cell predatory/assaultive behavior towards cellmates.

YARD REVIEW:  Committee elects to continue S on the Walk Alone yard due to the unavailability of a compatible group yard.

MEDICAL STATUS:  Permanent, OP, Frequent basic consltation, Full Duty, Medium Risk, Basic Nursing, and Institutional-Environmental: Restricted Cocci Area 2 per SOMS Medical Classification Chrono (MCC)  03/22/17.

NEXT RECLASS:  CDCR ANNUAL REVIEW 02/01/20

EFFECTIVE COMMUNICATION:  After reviewing S's mental health and TABE score for disabilities and interviewing S, no assistance for effective communication was required as S has a TABE Score above 4.0 and no other disabilities or issues requiring effective communication.  This writer acknowledges effective communication was achieved based on S's manner and interaction which indicated he understood.  UOF, Appeal process, property and visiting policies explained.

ADDITIONAL COMMITTEE MEMBERS:
M. Boersma, Mental Health

| RECORDER | | |
|---|---|---|
| E. Cantu | | 08/15/2019 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| R. Tolson | | 08/15/2019 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono



l l

Question for Supervisor Larry

Q: What Time Did C/O foster Let-you know That a Inmate (Blake) Threaten him?

Q: When C/O foster gave you back The loading Plan, Did he Inform you at That Time, The a Inmate (Blake) Threaten him, and he was sending him back?

Q Did Inmate Blake come To you, And Let you Know That C/O foster was sending him back for Threaten him (C/o foster)?

Q: At Anytime Did Inmate Blake Show Any-Kind of Threating Behavior?

Qusetion for Ms. Foster    Exhbit 25

Q: IF you felt I Threated you, why would you Let me stay at work for Two hrs?

Q: After you say I Threated you why would you come into the cold Box By yourself And ask if I've eaten?

Q: Did you at anytime After you said I Theated you Tell my SUPERVISOR About it?

Q: When did you feel The Talk we had was a Threat?

Q: Did you at anytime Tell The SgE To Put me in A holding cell for Threating You?

GARROD BLAKE H19751
P.B.S.P. B-3120
P.O. BOX 7500
CRESCENT CITY, CA. 935532

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

LEGAL MAIL



FIRST-CLASS MAIL

neopost
03/04/2022
US POSTAGE $002.56⁰



ZIP 95531
041L12203679

UNited States District court
CeNtRAl District of CAliforNiA
255 EASt Temple Street, SuiteTS.134
Los ANGeles,CA. 90012



CLERK, U.S. DISTRICT COURT
MAR - 7 2022
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

